**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-10439 JAK (SSx) | Date | February 28, 2013 |
| Title | Givoanna Somma, et al. v. Adrian Garcia, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING REMOVAL AND REMANDING CASE TO LOS ANGELES SUPERIOR COURT OF CALIFORNIA   JS-6**

The question presented is whether this Court has subject matter jurisdiction over this action, which was removed from the Los Angeles County Superior Court (the "Superior Court"). For the reasons set forth in this Order, the Court finds that it does not. Consequently, this matter is ordered remanded to the Superior Court.

On November 13, 2012, Plaintiffs Giovanna Somma, Roberto Somma, Vito Somma, and Gina Somma ("Plaintiffs") filed an action for unlawful detainer in the Superior Court in which Adrian Garcia (a/k/a Adrian Hernandez Garcia), Melissa Rodriguez, Lorenzo Ramirez Garcia were named as defendants (the "Defendants"). Plaintiffs sought possession of the property located at 3317 Mentone Ave. #6, Los Angeles, California (the "Property"). Compl., Notice of Removal, Exh. B, Dkt. 1.

On December 6, 2012, Defendants removed the action to this Court. *See* Notice of Removal, Dkt. 1. Defendants contend that this Court has jurisdiction under 28 U.S.C. §1331 (federal question jurisdiction). On January 14, 2013, Plaintiffs filed an Ex Parte Application to remand the action to Superior Court (Dkt. 6). On January 18, 2013, Defendants filed a motion for a more definite statement, Dkt. 10, and their opposition to Plaintiffs' Ex Parte Application. Dkt. 11. The Court denied Plaintiffs Ex Parte Application to remand on January 18, 2013, but issued an Order to Show Cause Regarding Subject Matter Jurisdiction. Dkt. 14. The parties were directed to respond to the Order to Show Cause on or before January 31, 2013. *Id.* On January 28, 2013, Plaintiffs responded. Dkt. 18. Defendants did not respond.[1]

---

[1] On February 1, 2013, Defendants filed a notice of removal to bankruptcy court. Dkt. 19, 20. "28 U.S.C. § 1452(a) cannot be used to remove a lawsuit pending in federal district court to *the same district court where the lawsuit is already pending.*" *In re Mitchell*, 206 B.R. 204, 210 (Bankr. C.D. Cal. 1997). "[T]he proper procedure for a party to use to request a district court to transfer a lawsuit pending in that district court to a bankruptcy judge of the same district is for the party seeking the transfer to move the district court to *refer* that lawsuit to the bankruptcy court for further handling, if there is some reason why it would make sense to have the bankruptcy court take over further handling of the lawsuit from the district court." *Id.* Accordingly, the "removal" was without effect and the matter remains before the district court. *See LFP IP LLC v. Midway Venture LLC*, No. SACV 10-01546, 2010 WL

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-10439 JAK (SSx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | Givoanna Somma, et al. v. Adrian Garcia, et al. | | |

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine whether it has subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). The party seeking to invoke the Court's jurisdiction bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377. Federal question jurisdiction exists where a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either that: (1) federal law creates the cause of action; or (2) the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated. *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).

Plaintiffs' unlawful detainer complaint, Notice of Removal, Exh. B, Dkt. 1, does not include a cause of action that arises under federal law, nor does it raise a federal question; it alleges that Defendants are in unlawful possession of the identified real property as a matter of California law. Defendants contend that there is federal question jurisdiction because they intend to raise a defense under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g. "However, the existence of a defense based upon federal law is insufficient to support jurisdiction," *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). "[T]he existence of federal jurisdiction on removal must be determined from the face of plaintiff's complaint." *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993). Thus, such a defense does not confer subject matter jurisdiction on this Court.[2]

---

4395401, at *1 (C.D. Cal. Oct. 29, 2010) (purported notice of removal from district court to bankruptcy court is "procedurally meaningless" and "a document with no practical effect").

[2] Defendants' attempt to remove the action to bankruptcy court pursuant to 28 U.S.C. § 1452, even if procedurally proper, does not save this case from remand. 28 U.S.C. § 1452(b) allows for remand on any equitable ground. Where there is no other basis for federal jurisdiction, a proceeding is based only in state law claims, and those claims neither are created by title 11 nor ones that would have no existence outside of the bankruptcy, remand is appropriate. *See In re Enron Corp.*, 296 B.R. 505, 509 (C.D. Cal. 2003). Furthermore, under 28 U.S.C. § 1334(c)(2), abstention is mandatory for a "proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section," if the "action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

Plaintiffs' unlawful detainer action is a proceeding based upon state law. The complaint does not assert any claim or cause of action under title 11 and the claims or causes did not arise in a case under title 11. As discussed above, there is no independent basis for subject matter jurisdiction in this case. Finally, an unlawful detainer complaint enjoys statutory preference for trial setting purposes in Superior Court, s*ee* Cal. Civ. Proc. Code § 1170.5(a), such that the action can be timely adjudicated in state court. Thus, equity requires remand and all elements of mandatory abstention are satisfied. Where mandatory abstention is satisfied, remand based on equity under 28 U.S.C. § 1452(b) is appropriate. *See Williams v. Shell Oil Co.*, 169 B.R. 684, 692 (S.D. Cal. 1994) (applying mandatory abstention analysis to removed case); *Bally Total Fitness Corp. v. Contra Costa Retail Ctr.*, 384 B.R. 566, 570 (Bankr. N.D. Cal. 2008) (mandatory abstention statue does not technically apply to a remand of a removed proceeding but it might be an abuse of discretion not to remand if all the elements of mandatory abstention are met).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV12-10439 JAK (SSx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | Givoanna Somma, et al. v. Adrian Garcia, et al. | | |

For the foregoing reasons, Defendants have not shown that there is federal question jurisdiction over this matter under 28 U.S.C. § 1331. Accordingly, the Court remands this case to the Superior Court of California, County of Los Angeles at its Santa Monica Courthouse (Case No. 12U04299).

**IT IS SO ORDERED.**

                                                                                                           _____ : _____

Initials of Preparer    ak